REGISTER v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. April 4, 1911.)

No. 2,102.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

Roland Register was convicted of offenses, and he brings error. Reversed and remanded.

J. W. Woods and Guy Graham, for plaintiff in error.
Charlton R. Beattie, for defendant in error.

McCORMICK and SHELBY, Circuit Judges, and NEWMAN, District Judge.

NEWMAN, District Judge. Only a few facts differentiate this case from the case of A. S. Dyar and W. H. Hale, 186 Fed. 614, just decided. In this case Roland Register and W. H. Hale were jointly indicted on May 16, 1908, under section 5480, Revised Statutes, Indictment No. 2578, and were again jointly indicted on May 26, 1910, under sections 5480 and 5440, Revised Statutes (U. S. Comp. St. 1901, pp. 3696, 3676), Indictment No. 2692, which two indictments were consolidated before trial. One of the counts in the second indictment, as in the case of A. S. Dyar and W. H. Hale, was for conspiracy to commit the offense named in section 5480, Revised Statutes.

The testimony as to Hale's former conviction and imprisonment was admitted in evidence in this case, as it was in the case of Dyar and Hale, and all this testimony was admitted over the defendant's objections. Transcripts of the record in the New York case and the Colorado case were also admitted in evidence, all over defendant's objections, and exceptions being properly taken. The court, at the close of the evidence in this case, directed a verdict in favor of Hale, and, as one of the counts in the second indictment was for conspiracy between Register and Hale, necessarily, as Register could not conspire with himself, a verdict of not guilty was also directed as to Register on that count. The jury found Register guilty on the first indictment, No. 2578, and also on the first count of the second indictment, No. 2692. It is conceded that there was no direct testimony of any kind to show that Register had any knowledge of Hale's former convictions and imprisonments.

We think for the reasons more fully set forth in the case of Dyar and Hale the judgment of the court in this case should be reversed and the case remanded, with directions to grant a new trial.